UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TORREON OTEY<br>Plaintiff,<br><br>v.<br><br>MAURY COUNTY SHERIFF'S<br>DEPARTMENT, et al.<br>Defendants. | No. 1:13-0119<br>JUDGE HAYNES |

## MEMORANDUM

Plaintiff, Torreon Otey, an inmate at the Maury County Jail in Columbia, Tennessee, filed this *pro se* action under to 42 U.S.C. § 1983 against the Defendants: Enoch George, Sheriff of Maury County, and the Maury County Sheriff's Department. Plaintiff seeks injunctive relief for the Defendants' alleged denial of medical care.

According to his complaint, Plaintiff suffers from diabetes and alleges that the staff at the Maury County Jail have denied him adequate medical care for this condition. Plaintiff alleges that he has often been given the wrong dosage of insulin and that staff members at the Jail refuse to show him how to inject himself properly with insulin.

The Defendant Maury County Sheriff's Department is not a person that can be sued as a defendant in an action under 42 U. S. C. § 1983. Accordingly. Plaintiff's claims against the Defendant Maury County Sheriff's Department shoould be dismissed with prejudice for failure to state a claim for relief.

The Defendant George is named in hisr official capacity only. Accordingly, this action seeks

relief from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993). "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, Plaintiff's claims are against Maury County, the municipal entity that operates the Maury County Jail. Hafer v. Melo, 502 U.S. 21, 25 (1991).

A claim of governmental liability requires factual allegation that the misconduct complained of is due to a policy, statement, regulation, decision or custom promulgated of Maury County or its agent, the Maury County Sheriff. Brandon v. Holt, 469 U.S. 464, 471-72 (1985). In short, for Maury County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378 (1989).

Plaintiff's factual allegation suggest Maury County lacks a medical policy and capacity to provide prescribed medical care at its jail. Plaintiff's prescription for insulin for diabetes presents a serious medical condition. The alleged repeated inability of medical staff to provide and /or dispense this necessary medication suggests deliberate indifference that states a plausible claim for injunctive relief.

Thus, this Court concludes that process should issue for the Defendant George.

An appropriate Order is filed herewith.

ENTERED this the 23rd day of October, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court